☐ **FORM 1.2. DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT AND JURY DEMAND**

DATE FILED: April 28, 2022
CASE NUMBER: 2022CV75

| | |
|---|---|
| District Court __El Paso__ County, Colorado<br>Court Address: 270 S. Tejon St.<br>Colorado Springs, CO, 80903<br><br>Plaintiff(s): Jabari J. Johnson<br>v.<br>Defendant(s): Janet Smith, Stephanie Patton, Chief of Medical, Richard Hodge, Mark Andrews, Mark Rudnick, Sheree Book, Ashley Abury, Amy Wesneck, Jason Allenbaumer, Chad Headley, Kathleen Boyd, Vicki Nair and Helene Christre | FILED IN THE DISTRICT AND COUNTY COURTS OF EL PASO COUNTY, COLORADO<br><br>APR 28 2022<br><br>SHERI KING<br>CLERK OF COURT<br><br>▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):<br><br>Phone Number:           E-mail:<br>FAX Number:           Atty. Reg. #: | Case Number: Amended/Supplemental<br>22-CV-75 |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT AND JURY DEMAND** ||

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR),, Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases or in Water (CW) proceedings subject to sections 37-92-302 to 37-92-305, C.R.S. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

   ☐ This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

   ☑ This party is seeking a monetary judgment against another party of more than $100,000.00, exclusive of interest and costs, as supported by the following certification:

   By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000.

   **Or**

JDF 601SC   R3-22   DISTRICT COURT CIVIL (CV) CASE COVER SHEET           Page 1 of 2


EXHIBIT A

☐ Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3. ☑ This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking this box is optional.)

Date: 4/24/22

_____
**Signature of Party**

Date: _____

_____
**Signature of Attorney for Party (if any)**

**NOTICE**
This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.

Amended Supplemental complaint

1. 8/30/17 Dr. Allen states trouble walking right foot pain from GSW, mandible deviates to left upon opening and is concaved along the toothline as for right side, also states Plaintiff has an obvious deformity of the right second toe indicating Plaintiff is limping.

2. 8/30/17 Dr. Robert Holden states under Exhibit B-Medical Records Pt.1 pg. 98 (unable to close right side Jhird fracture. Hitting on 3rd as well

3. 9/11/17 Dr. Robert Holden stated urgent treatment need Qualifier level 4

4. 9/11/17 Dr. Laura Allen stated Plaintiff is lower tier lower bunk restricted until right foot is repaired.

5. 9/11/17 Dr. Laura Allen states Plaintiff needs post-op shoe for right foot asap Jaw fracture may need to be repaired, may need orthopedic shoe, it does not have surgery. Broken right mandible in 2015 never repaired now malocclusion and pain with eating.

6. 9/11/17 Dr. Laura Allen states right foot deformity from injury 2015, involving right second toe which preclude wearing state issued boots, needs post-op shoe for now, will likely need is foot surgically repaired.

7. 9/16/17 offender given 1 black post-op shoe.

8. 9/16/17 deformity of right second toe which could preclude wearing Doc issued boot, s/p gunshot wound

9. 4/30/17 Nurse state has medical boot for foot difficulty applying weight on foot

10. 10/13/17 Captain Brian Scott provided medical boot back per grievance R-DU 17/18-001 1898-2 after leaving the hole and went to SCF with the boot.

11. 1/12/17 state Plaintiff does have a deformity to the right toe which is webbed.

12. 12/12/18 Xealth Care Contract filed in case 18-CR-89 on 12/28/20 under filing ID 4FD 2AB 462378 stated wheelchair for Permanent use filed by attorney Kathleen McGuire, Attorneys Patrick Crentzler, Eusha Anand, Elizabeth Bixby, David Oger, Sara Pielsticker, and Jenna Kruszka all have possession of this medical documentation also provided it to the court already.

13. 12/13/18 filed in case 18-CR-89 on 12/21/20 filed by Attorney Kathleen McGuire (sp medical slip stating rtcm wheelchair expiration date none Attorneys Patrick Crentzler, Sara Pielsticker, Elizabeth Bixby, David Oger, and Jenna Kruszka are all in possession of this medical document also provided to this court.

14. 12/13/18 Dr. Richard Hodge states Provider counseled patient on the need to progress from the current crippled state to be able to walk.

15. 2/15/19 files consult screen shows that the request for Physical therapy has been approved

16. 3/5/19 Dr. Richard Hodge states wheelchair and showercell is provided to Plaintiff until physical therapy is complete. Patrick Crentzler filed in case 15-CR-2337 attorneys above have this document.

17. 3/26/19 staff retaliates depriving Plaintiff of physical therapy visit due to Plaintiff's inability to wear state boots on his foot see #6 above.

18. 6/11/19 ADA Coordinator Janet Smith indicated Plaintiff has a wheelchair for daily living. Patrick Crentzler filed in case 15-CR-2337 in retaliation Dr. Boyd took keepa stating the pills were found in F-2/8 yet I was housed in C-2-18.

19. Refer to oral surgery for healed fractured mandible by Dentist Mark Farmer.

20. 8/11/21 Dr. Martin prescribed wheelchair.

21. 1/11/21 Kathleen McGuire states in her motion to withdraw Plaintiff suffers from a conversion disorder which result in paralysis.

From 2018-4/1/22 Mark Andries, Mark Rudnik, Sheree Book, Dian Ferguson, Ashley Albury, Amy Werneck, Jason Allenbaumer, Chad Headley, Kathleen Boyd, Chief of medical, Stephanie Dalton, Richard Hodge and Janet Smith has full knowledge of Plaintiff's need of a wheelchair, along with all medical records above, as each year from 2018-2022 the staff have either further disregarded medical visits, hindered medical visits, did not allow Plaintiff to attend medical visits or blatently did not show up for medical visits stating Plaintiff refused, which are all lies. yet staff refuse to treat in retaliation, and deny wheelchair to legal visits discriminating due to disability

On 8/1/21 - 8/18/21 witnesses of the Colorado Mental Institute Dr. Hareesh, Dr. Martin, Kayla Savage, Sarah Kurish, Donna Raley, Nicholas McKee, Debbie Giarcia, Danielle Lucero, Janie Lewis, Lydia Marie Duplesis, Meggan Komma, Julie Clark and Nicholas was all provided medical documents and made copies on each shift numbered above.

From 4/1/22 - current date Vick Noir and Dr. Helene Christner from SCF was requested to see the Dr. white housed in SCF, was told of his need of wheelchair along with providing the evidence of the wheelchair accommodations etc. yet the staff refuse to see the Plaintiff nor Provide Plaintiff with a wheelchair for medical emergencys of chest pains, siezures, headaches, asthma attacks, request for pain management due to pain for injuries, forcing Plaintiff to scoot and crawl on the floor further injuring his right foot discriminating due to Plaintiff suing staff along with discriminating

against Plaintiff due to disability depriving Plaintiff of legal visits with his attorney Jenna Kilijzka on 9/19/22 stating Plaintiff does not have any accommodations so Plaintiff is unable to attend the visit. Also denied Plaintiff of wheelchair to visit with Attorney Lakia Anand as well on 9/21/22.

Niar and Christner were shown all medical records above also was notified of Plaintiffs paralysis of his conversion disorder, yet staff failed to act in retaliation discriminating because of race, disability and intent to sue.

Exhaustion of Administrative Remedies
Jabari Ichnsen Exhausted Administrative Remedies

Defendants Being Served

Janet Smith
1250 Academy Park Loop
Colorado Springs, Co, 80910

Chief of Medical
1250 Academy Park Loop
Colorado Springs, Co, 80910

Defendants Stephanie Dalton, Richard Hodge, Mark Andries, Mark Rudnik, Sheree Book, Ashley Albury, Amy Wesneck, Jason Allenbaumer, Chad Headley & Kathleen Boyd addresses are all at 50 Evans Blvd Canon City, Co. 81215

Defendants Vicki Niar and Xelene Christner's address are 12101 Co-Col Sterling, Co, 80751

Defendants Attorney Being Served
Phillip Wieser
1300 Broadway Ave
Denver, Co, 80203

Sheriff serving Defendants
Allen Cooper
136 Justice Center Rd
Canon City, Co, 81212

Relief
All defendants are being sued in their official capacity for monetary relief regarding 350k for both punitive and compensatory damage claims

Claims  1. Americans with Disability Act Title II  2. Medical Malpractice
3. Abuse  4. Neglect  5. Intentional Infliction of Emotional Distress  6. Outrageous Conduct
7. Negligent Hiring and Training